CATES *v.* BAXTER.

(*Knoxville.*    October  17,  1896.)

ATTACHMENT.  *Of corporate stocks prevails over registered mortgage thereof.*

Attachment of a subscriber's interest in the stock of a corporation, before issuance and delivery of certificates to him, prevails over his prior transfer of his interest therein. made by registered mortgage, but without giving actual notice thereof to the company.

Code construed: §§ 2066, 3697, 3749, 3750. 3751 (S.); §§ 1715, 2837, 2887, 2888, 2889 (M. & V.); §§ 1487, 2030, 2072–2074 (T. & S.).

Cases cited: Clodfelter *v.* Cox, 1 Sneed. 330; Cornick *v.* Richards, 3 Lea, 1; Young *v.* Iron Co., 85 Tenn., 189; 81 Ky., 416.

FROM KNOX.

Appeal from Chancery Court of Knox County. J. W. SNEED, J., sitting by exchange.

WASHBURN, PICKLE & TURNER for Cates.

WEBB & MCCLUNG, GREEN & SHIELDS, and HENDERSON, JOUROLMON & WELCKER for Baxter.

WILKES, J.  This bill is filed to subject to the payment of debts certain stock belonging to defendant, W. M. Baxter.  The Chancellor granted the

relief asked, and his decree has been affirmed by the Court of Chancery Appeals, and defendants have appealed to this Court.

The facts, as found by the Court of Chancery Appeals, are that defendant, W. M. Baxter, was a subscriber to the capital stock of the Beaumont Land Co. to the amount of $3,500, and to a similar amount in the Lonsdale Land Co. The stock in the first named company was wholly paid up, but no certificate had ever issued. Sixty-five per cent. of the latter was paid up, and a certificate was issued to W. M. Baxter, and was left by him with the secretary of the company for safe-keeping and convenience. Mr. Baxter attempted to transfer this stock to A. H. Robinson, along with other property, to secure his sister, Mary Humes Baxter, in a debt he owed to her. The transfer was made by deed of trust, May 3, 1893, registered May 16, 1893, but no notice was given to the companies.

Complainant, as receiver of the State National Bank of Knoxville, having a note against defendant, W. M. Baxter, on February 8, 1894, filed his bill and attached the stock, with other property, to satisfy the note. The theory of the bill is that the execution and registration of the trust deed did not, in the absence of actual notice to the companies, transfer said stock so as to place it beyond the reach of the creditors of W. M. Baxter; and especially would this be so when it appears that the certificates of stock had never been issued and

delivered to the maker of the trust deed, and that such stock is a mere chose in action. The insistence of counsel for appellant is that this stock is personal property, and subject to levy and sale, and that the registration laws apply to its assignment or transfer, as in cases of other personal property, and hence the rights of the appellant beneficiary are superior to those of the attaching creditor.

The Code (M. & V.), § 1715, provides that stock in corporations is personal property, and subject to levy and sale as such, the company, in such case, being required to make the proper entries on its stock or transfer book.

By § 2837, Subsec. 8, it is provided that deeds of trust of personal property are required to be registered, and by §§ 2887, 2888, and 2889 it is provided that registration of such trust deed shall be notice to the world.

It is argued that a similar rule should apply in case of transfer by deed of trust of stock or shares in a corporation as applies in case of other personal property. If the stock be treated simply as a chose in action, then the insistence of complainant is correct, that its transfer can only be valid and complete when notice is given to the corporation. *Clodfelter* v. *Cox*, 1 Sneed, 330, and many other cases following the principal case.

If it can be treated simply as personal property, then the insistence of defendant is correct that it can be transferred by deed of trust, and such trans-

fer is valid and complete by registration, without actual notice to the company, under the provisions of the Code above cited.

In the case of *Cornick* v. *Richards*, 3 Lea, 1–26, the Court treated shares of stock as personal property, and held that transfers were valid as against the creditors of the assignor, without being made upon the books of the company, or notice given to the corporation. This decision was by a divided Court, Judges McFarland and Cooper dissenting. The former said that in some respects stocks are simply choses in action, but in other respects they are unquestionably different and *sui generis*, and he was of opinion the rule in *Clodfelter* v. *Cox* should be applied. Judge Cooper said in his dissent: "Stock in a corporation, the property of an individual, is in the nature of a chose in action," and he agreed with Judge McFarland that notice to the company was necessary.

In *Young* v. *Iron Co.*, 1 Pickle, 189, certificates of stock are referred to as "choses in action," and in that case it was held that nothing less than an actual transfer and delivery of the stock certificate would defeat an attachment levied before notice to the corporation, and it is added that such was the holding in *Cornick* v. *Richards*, 3 Lea, 1–26.

We think that, under our statutes and decisions, shares of stock are not simply and purely choses in action in the sense that open accounts are held to be. There is no debtor, as in cases of open ac-

count, but the shares simply represent the interest of the stockholder in the corporation, and the certificates are the mere indicia of the interest of the shareholder, but they are not the stock itself. In many respects stock is treated as tangible personal property, but still it is, after all, a peculiar species of property *sui generis.* In some of the leading textbooks it is said that a chattel mortgage of stock, duly executed and regis'ered, would not make a valid transfer of the stock unless the mortgagee receive the certificate of stock or obtain a transfer on the corporate books. 1 Cook on Stockholders, 464, p. 583; 2 Thompson on Corporation, 2383. See, also, *Spalding* v. *Paine,* 81 Ky., 416.

In the case at bar no certificates had been delivered, and in one company none had been issued. The rights of Mr. Baxter were merely those of a subscriber for stock who had made payments on his subscription, which made nothing more than an executory contract to issue stock, and the deed of trust did not attempt to do more than substitute the trustee to the subscriber's right to demand and receive the stock—that is, merely authorized him to demand and receive certificates—which he did not do. In such case, we think the subscriber might have applied for and received the certificates, and delivered them to an innocent purchaser, so as to vest him with title as against the trustee. We are of opinion, therefore, that the transfer was not completed before the shares were attached, and in such

case the shares are subject to attachment by the creditors of the subscriber.

There is, therefore, no error in the decree of the Chancellor and Court of Chancery Appeals, and the decrees are affirmed.